UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

RICHARD BETTOR, on behalf of himself
and all others similarly situated,

CASE NO.

   Plaintiff,

vs.

ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY,

   Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Esurance Property and Casualty Insurance Company ("Esurance"), hereby removes to this Court the state court action *Richard Bettor, on behalf of himself and all others similarly situated v. Esurance Property and Casualty Ins. Co.*, filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.  This Court has jurisdiction over said action on the basis of: (i) the Class Action Fairness Act ("CAFA"), 18 U.S.C. § 1332(d).

### BACKGROUND

1.    On June 28, 2018, Plaintiff filed this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Esurance was subsequently served on July 13, 2018. In compliance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days after service of said Complaint.

2.    Plaintiff alleges that he had a motor vehicle insurance policy issued by Esurance. Mr. Bettor alleges that on or about January 5, 2016, he was involved in a motor vehicle accident.

Mr. Bettor alleges that he made a claim for property damage as a result of the accident and Esurance declared his vehicle a total loss.

3. Mr. Bettor has filed this action against Esurance and attempts to assert a declaratory relief claim on behalf of the follow class:

> From five years before the filing. of this complaint until the day the complaint was filed (the "Class Period"), all individuals named as insureds under Defendant's personal motor vehicle Policy (1) who submitted a comprehensive and/or collision claim to Defendant on a motor vehicle covered under the Policy substantially similar to Exhibit A and issued in Florida; (2) Defendant deemed the vehicle subject to the claim a total loss under the Policy; and (3) Defendant paid actual cash value to settle the claim, utilizing the total value stated in the CCC Valuation Report as the actual cash value to be paid.

Complaint at ¶77.

4. Plaintiff challenges the manner in which valuations of total losses are made, alleging that "Defendant has routinely and systematically misinterpreted the Policy and Florida law; and based on the misinterpretation, it has improperly reduced the actual cash value payments to Plaintiff and Class Members because it based them on an invalid method and algorithm for determining the value of the insureds' vehicles." *See* Complaint at ¶ 3.

5. Plaintiff alleges that "Defendant's use of CCC method including its database and CCC Valuation Report therefore violate Section 626.9743(5)(a)2.a., Florida Statutes. *See* Complaint at ¶¶ 54.

6. Plaintiff alleges "The CCC method Defendant employed for Plaintiff and each Class Members, used one or more algorithms, assumptions, and data points leading to deductions in motor vehicle values, none of which were disclosed in the CCC Valuation Report. Nor were they itemized and specified in appropriate dollar amounts in CCC Valuation Reports Defendant

routinely provided to Plaintiff and each Class Member to explain Defendant's valuation of the total loss vehicle it insured and its actual cash value derivations under the Policy and Florida law. *See* Complaint at ¶58.

7. Finally, Plaintiff also purports to assert an individual breach of contract claim, seeking monetary damages in his individual capacity, alleging that the Esurance breached the policy by not paying the actual cash value under the Policy and Fla. Stat. § 626.9743(5)-(6). *See* Complaint at ¶107.

8. Plaintiff further seeks the recovery of reasonable attorneys' fees and costs pursuant to Fla. Stat. § 627.428. *See* Complaint at ¶110.

## THE COURT HAS JURISDICTION UNDER CAFA.

9. This Court has jurisdiction over this action under CAFA, because this is a putative class action with more than 100 putative class members that are seeking to recover in excess of $5,000,000 in the aggregate, and there is minimal diversity.

10. CAFA reflects Congress' intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants, such as this case. When CAFA was passed, it expanded federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to confer upon federal courts original jurisdiction over cases where (a) the putative class contains at least 100 class members, (b) any member of the putative class is a citizen of a State different from that of any defendant; and (c) the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

11. This suit satisfies all of the requirements for federal jurisdiction under CAFA in that: (1) the putative class exceeds 100; (2) members of the proposed class have a different citizenship from Defendant; (3) the amount in controversy exceeds $5,000,000; and (4) the

3

exceptions to CAFA jurisdiction do not apply. *See* 28 U.S.C. § 1332(d); s*ee also Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1121-23 (11th Cir. 2010) (setting forth CAFA requirements).

12. Unlike traditional diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The Eleventh Circuit has held: "Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

### I. The Putative Class Size Exceeds 100.

13. CAFA requires that the proposed class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is satisfied here.

14. The State Court Action attempts to assert the purported claims in this case pursuant to Florida Rule of Civil Procedure 1.220 on behalf of the proposed Actual Cash Value class as defined in paragraph 3 above. 28 U.S.C. § 1332(d)(1)(B).

15. Esurance has identified approximately 10,000 total loss claims that were processed and paid to individuals named as insureds under motor vehicle policies issued in Florida that are potential putative members of the proposed classes as defined by Plaintiff in the Complaint, well exceeding the 100 class member threshold. This action is therefore a "class action" under 28 U.S.C. § 1332(d)(1)(B), (d)(2) and (d)(5)(B). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) (holding a notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and does not need to include evidentiary submissions).

4

## II. **There is Minimal Diversity Sufficient to Establish CAFA Jurisdiction.**

16. The second CAFA requirement is minimal diversity, which requires that at least one putative class member must be a citizen of a state different from one defendant. 28 U.S.C. § 1332(d)(2).

17. Plaintiff alleges that he is a citizen of Florida. *See* Complaint at ¶8.

18. Additionally, Defendant is alleged to be a citizen of a state other than Florida, *see* Complaint at ¶11, and is in fact incorporated under the laws of Wisconsin with its principal place of business in California and is a citizen of those States for diversity purposes. 28 U.S.C. § 1332(c)(1). Thus, there is clearly minimal diversity here as at least one class member is a citizen of Florida and Defendant is a citizen of Wisconsin and California, so this prerequisite to CAFA jurisdiction is also met. 28 U.S.C. § 1332(d)(2).

## III. **The CAFA Amount in Controversy Requirement of $5,000,000 is Satisfied.**

19. CAFA requires that the amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

20. As the removing party, Defendant bears the burden of establishing the CAFA amount in controversy requirement is met by a preponderance of the evidence, meaning it must show it is "more likely than not" that the amount in controversy exceeds the jurisdictional requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 768 (11th Cir. 2010). To meet its burden, a removing party may provide "specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations . . . . [A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 754. *See also Dudley,* 778 F.3d at 913 ("A removing

5

defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. . . . Moreover, at the jurisdictional stage, the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover. . . . The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.") (citations and internal quotations omitted).

21.  In meeting its burden on removal, a removing defendant need not submit detailed evidence with its removal notice, but needs only to show plausibly that removal jurisdiction exists. *Dart,* 135 S. Ct. at 554. *See also Dudley,* 778 F.3d at 912 (same). Similarly, a removing defendant may meet its burden based on reasonable extrapolations derived from the complaint allegations. In *Perret v. Wyndham Vacation Resorts, Inc.*, No. 11–CV–61904, 2012 WL 592171 (S.D. Fla. Feb. 22, 2012), the plaintiffs alleged the defendants' time-share sale transactions were misleading and deceptive and that the management costs assessed by the defendants were excessive and unreasonable. After the defendants removed the case under CAFA, the plaintiffs sought remand on the ground that the amount in controversy requirement had not been met. The court rejected the plaintiffs' argument, stating: "The amount in controversy can be facially apparent from the pleading itself, even when the complaint does not claim a specific amount of damages." *Id.,* *2 (citing *Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010)). The court held:

> In this case, the amount in controversy is facially apparent from the Amended Complaint. Paragraph 10 of the Amended Complaint states, in part, "[t]he amount of *each individual* claim in controversy exceeds $15,000.00, exclusive of interest and costs." (emphasis added). The Amended Complaint further states, at paragraph 26, "Plaintiffs are informed and believe that potentially thousands of Floridians and non-Floridians have purchased

> timeshare vacations from Wyndham." Thus, $15,000 in damages per individual claim times 1000, or more, individual class members is $15,000,000 in damages, well over the $5,000,000 threshold for CAFA jurisdiction.

*Id.,* *2.

22. In *Argentine v. Bank of Am. Corp.,* No. 8:15-CV-957-T-26MAP, 2015 WL 3793868, *2 (M.D. Fla. June 18, 2015), the court found the following extrapolations supported removal:

> Plaintiff alleged in the complaint that his personal damages, which were typical of all class members, equaled $64.00, the difference between redemption for a credit of one cent per dollar ($160.00 for 16,000 points) and six-tenths cent per dollar ($96.00 awarded for 16,000 points). Defendants assert that Plaintiff's allegation that his claim is typical of the claims of each member of the class, together with the injunctive relief as alleged, permits them to extrapolate the $64.00 for the almost 150,000 Florida cardholders for a total that exceeds the $5 million requisite.

*Id.* (footnotes omitted). The court in *Argentine* determined that the "amount in controversy advocated by the Defendants in this case, based on the complaint, notice of removal, and other evidence provided at the time of removal, [was] not too speculative so that reasonable deductions and inferences dictate an accurate estimation of over $5 million dollars." *Id.,* *3.

23. In *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1354 (N.D. Fla. 2011), the plaintiff landowners in an area bordering a wood treatment facility brought a state-court class action against the defendants, alleging defendants' activities in connection with the wood treatment facility caused the contamination of surrounding properties. The defendants removed the case to federal court under CAFA, and the plaintiffs moved to remand, arguing, among other things, that the amount in controversy requirement was not met. The court explained that the "question is not how much the plaintiff will ultimately recover in the case, but instead 'the

7

pertinent question is what is *in controversy* in the case.'" *Id.* (quoting *Pretka*, 608 F.3d at 751) (emphasis in original). The court found that, "[w]hile Plaintiffs have included claims for five common-law causes of action in addition to their claims for violation of the WQAA and for injunctive and equitable relief, in its simplest form this case is really about the damage that has occurred to the class members' properties as a result of the purported discharge of chemical pollutants from the Koppers Site." *Id.* at 1355. Based on the property records submitted by the defendants, the court found that, based on an average assessed value of approximately $88,000 per property, with 87 parcels at issue, the amount in controversy was $7,722,100 in the aggregate for all putative class members. *Id.*

24. Here too, based upon the Complaint's allegations and theories (which Defendant disputes, but which control for removal purposes), the $5,000,000 CAFA amount in controversy requirement is easily satisfied.

25. To determine whether the matter in controversy exceeds the $5,000,000 threshold, "the claims of individual class members shall be aggregated." S*tandard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(6)). "And those 'class members' include 'persons (named or unnamed ) who fall within the definition of the proposed or certified class.'" *Id.* (quoting 28 U.S.C. § 1332(d)(1)(D); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312 (11th Cir. 2014).[1]

26. The Class Representative did not plead a specific amount in controversy. Rather, the the Class Representative merely alleged that the amount in controversy exceeds $15,000 in order to satisfy the requirements for state circuit court jurisdiction. *See* Complaint at ¶10. *See*

---

[1] That Plaintiff is only seeking declaratory relief on behalf of the class does not defeat the amount in controversy. *See S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014).

8

*Ellison v. Coca-Cola Refreshments USA, Inc.,* 215CV00246FTM29MRM, 2015 WL 6769449, at *1 (M.D. Fla. 2015) ("In this case, the state court complaint has not demanded any particular sum, and Florida practice permits recovery in excess of the amount demanded in the complaint. Therefore, the issue is whether Defendant's Notice of Removal has plausibly alleged that the amount in controversy exceeds $75,000."); *Mangano v. Garden Fresh Rest. Corp.*, 215CV477FTM99MRM, 2015 WL 5953346, at *1 (M.D. Fla. 2015); *Hernandez v. Burlington Coat Factory of Florida, LLC*, 2:15-CV-403-FTM-29CM, 2015 WL 5008863, at *2 (M.D. Fla. 2015).

27.  The Supreme Court has held in such circumstances that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "[A]ll that is required is a 'short and plain statement of the grounds for removal,' including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (quoting *Dart Cherokee*, 135 S.Ct. at 551, 554); *see also Ellison v. Coca-Cola Refreshments USA, Inc.*, Case No. 15-cv-00246, 2015 WL 6769449, at *1 (M.D. Fla. Nov. 6, 2015) ("[a] Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount."); *Schaefer v. Seattle Service Bureau, Inc.*, Case No. 15-cv-444, 2015 WL 6746614, at *3 (M.D. Fla. Nov. 5, 2015) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions.").

28.  The amount put in controversy by Plaintiff's and the putative classes' claims, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs. The

9

Complaint seeks declaratory relief (Count I) on behalf of the putative class and monetary damages (Count II) for Plaintiff in his individual capacity.

29.     During the alleged class period starting June 28, 2013 until the filing of the Complaint, Esurance paid approximately 10,000 total loss claims to individuals named as insureds under motor vehicle policies issued in Florida that are potential putative members of the proposed classes as defined in the Complaint.

30.     The Class Representative alleges that all CCC Valuation Report used by Esurance to generate the value of total loss claims applies multiple improper reductions to the total value of the vehicle. *See* Complaint at ¶¶ 36-40. Regarding the first alleged improper reduction, the Class Representative asserts that "the CCC Valuation Report generated by the CCC method regularly stated that the value of each of the compared vehicles was uniformly reduced by a 'Condition' reduction in value" which "invalidly reduced the total value of Plaintiff's and each Class Member's vehicle." *See* Complaint at ¶¶ 44-45 and 66. The Class Representative alleges that this condition reduction for his vehicle was $945. *Id.* Applying this first alleged improper reduction of $945 amount to the approximate 10,000 total loss claims at issue, the amount in controversy for the Actual Cash Value Class is well in excess of $5,000,000, exclusive of interest and costs.

31.     In addition, the Class Representative further alleges that Esurance improperly took a reduction "for excess mileage on Plaintiff and each Class Member's vehicle." *See* Complaint at ¶ 48-49. This independent reduction must also be applied to the approximate 10,000 total loss claims at issue. Also, according to the Class Representative, there are additional "invalid reductions in total value.". *See* Complaint at ¶ 42-43. For these additional reasons, the amount in

controversy for the Actual Cash Value Class is well in excess of $5,000,000, exclusive of interest and costs.

32. The Class Representative is also seeking to recover attorneys' fees pursuant to Section 627.428, Fla. Stat. *See* Complaint at p.17 and 19 at ¶110. A "reasonable amount" of attorneys' fees authorized by statute is "included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (citing Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (11th Cir.2000)); *see also Traturyk v. Western-Southern Life Assurance Company*, No. 15-cv-1347, 2016 WL 727546, at *2 (M.D. Fla. Feb. 24, 2016) (holding "[a] district court may consider a plaintiff's claim for attorney's fees in determining the amount in controversy where a statute directly authorizes an award of attorney's fees should the plaintiff prevail on her claim."); *Bele v. 21st Century Centennial Ins. Co.*, No. 15-cv-526, 2015 WL 3875491, at *3 (M.D. Fla. May 15, 2015).

33. Esurance denies that Plaintiff, or any potential putative class member, is entitled to recover any amount from it, and Esurance believes that the relief sought in the State Court Action is too individualized and otherwise not proper for class certification. However, Esurance provides the above calculation of the aggregate amount at issue in this case solely for the purpose of evaluating the amount in controversy under CAFA. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

34. Based on the multiple alleged improper reductions for the approximate 10,000 total loss claims at issue and the amount of attorney's fees sought, it is clear that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

### IV. None of the CAFA Exceptions Applies.

35. Plaintiff bears the burden of establishing any applicable exceptions to CAFA jurisdiction. *See, e.g., In re Brican Am. LLC Equip. Lease Litig.,* No. 10-MD-02183-PAS, 2011 WL 13115472, *3 (S.D. Fla. Mar. 11, 2011). CAFA provides two mandatory exceptions and one discretionary exception to the application of federal jurisdiction. 28 U.S.C. § 1332(d)(3)-(4). None of these exceptions applies here. Each CAFA exception requires, as a starting point, an in-state defendant. 28 U.S.C. § 1332(d)(3)-(4) (requiring either "significant relief" to be sought from an in-state defendant (local controversy exception), or requiring the "primary defendant" to be an in-state one ("home state" and discretionary exceptions). Here, the only named Defendant is not a citizen of Florida.

## CONCLUSION

36. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** is a copy of all the state court pleadings and process in this matter.

37. Pursuant to 28 U.S.C. § 1446(a), the United States District Court for the Southern District of Florida encompasses the location of the state Court in which the action was originally filed.

38. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being served on all parties to the removed cause of action this day. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court in and for Broward County, Florida.

39. For all the foregoing reasons, Defendant, Esurance Property and Casualty Insurance Company, respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law.

**DATED: August 10, 2018**

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Esurance*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard,
Suite 1400
Miami, Florida 33156
T (305) 350-5300
F (305) 373-2294

By: /s/ Scott Cole
      Scott Cole

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2018, the foregoing was filed using the Court's CM/ECF system and served via transmission of Notices of Electronic Filing generated by CM/ECF to all counsel by the Court's CM/ECF system.

By: /s/ Scott Cole